FILED - GR
February 20, 2025 12:17 PM
CLERK OF COURT
U.S. DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
BY: KB  SCANNED BY: /__/ 2-20

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN

JEFFERY JACKSONEL, In Propria Persona,
Moorish American, Special Appearance,
Plaintiff,

1:25-cv-196
Paul L. Maloney
United States District Judge

v.

UNITED STATES GOVERNMENT, DEPARTMENT OF STATE, DEPARTMENT OF DEFENSE, OFFICE OF MANAGEMENT AND BUDGET,
Defendants.

CIVIL ACTION NO.: [To be assigned]
SUPREME EXPRESSED STANDING CIVIL COMPLAINT FOR DECLARATORY JUDGMENT, INJUNCTIVE RELIEF, DAMAGES, AND FEDERAL ACCOUNTABILITY

I. INTRODUCTION
Plaintiff JEFFERY JACKSONEL, in Propria Persona and by Special Appearance, brings this supreme expressed standing complaint as a Moorish American and a direct descendant of the Moroccan Empire, invoking treaty protections, constitutional rights, and unfulfilled federal obligations.

Defendants have engaged in systematic suppression through fraudulent misclassification, economic obstruction, military intervention, and failure to uphold treaty-based and statutory obligations under the Treaty of Peace and Friendship (1786, reaffirmed 1836), the Freedmen's Bureau Act (1865-1867), and other controlling laws.

Additionally, the Office of Management and Budget (OMB) racial classification for "Black" is inherently illogical and depriving in nature, as it:

Has no national or sovereign identity, violating international and treaty law.

Forces Plaintiff and other Moorish Americans into a fabricated racial status with no legal or economic protections.

Systematically disenfranchises Plaintiff by severing his legal ties to his Moroccan Empire ancestry.

This Complaint is fully compliant with Constitutional Law, Treaty Law, and Controlling Appellate Law, ensuring no lawful dismissal can occur.

II. JURISDICTION & VENUE
Jurisdiction is proper under:

28 U.S.C. § 1331 – Federal Question Jurisdiction.

28 U.S.C. § 2201 – Declaratory Judgment Act.

Supremacy Clause (Article VI, U.S. Constitution) – Treaties are the supreme law of the land.

Freedmen's Bureau Act (1865-1867, still enforceable law) – Mandates economic, legal, and social restitution.

42 U.S.C. § 1983 – Government deprivation of Plaintiff's rights under color of law.

Venue is proper under 28 U.S.C. § 1391(b)(2), as Plaintiff resides within this jurisdiction, and the Defendants' violations operate nationally with direct impact on Plaintiff.

III. PARTIES
A. Plaintiff
Plaintiff JEFFERY JACKSONEL, appearing by Special Appearance, has suffered:

Fraudulent racial and legal misclassification under U.S. law.

Suppression of treaty-protected national, economic, and political rights.

Unlawful economic deprivation through systemic denial of reparations, wealth extraction, and obstruction of rightful claims.

B. Defendants
UNITED STATES GOVERNMENT – Violated treaty obligations, engaged in military occupation, and perpetuated economic suppression.

DEPARTMENT OF STATE – Failed to uphold the Treaty of Peace and Friendship (1786, reaffirmed 1836).

DEPARTMENT OF DEFENSE – Led military actions (Operation Torch, 1942) that ensured continued suppression of Moroccan sovereignty.

OFFICE OF MANAGEMENT AND BUDGET (OMB) – Created and enforced racial classifications that deprive Plaintiff of his rightful national identity and legal protections.

IV. SUPREME EXPRESS STANDING – UNDISPUTABLE LEGAL CLAIMS
COUNT I – VIOLATION OF THE TREATY OF PEACE AND FRIENDSHIP (SUPREMACY CLAUSE VIOLATION)
The Treaty of Peace and Friendship (1786, reaffirmed 1836) remains binding federal law and supersedes conflicting U.S. statutes and policies.

Defendants violated the treaty by:

Failing to recognize Moorish American nationality and misclassifying Plaintiff under fraudulent racial constructs.

Participating in the General Act of Algeciras (1906), which stripped Morocco and its Empire of its financial independence.

Executing Operation Torch (1942), a military invasion suppressing Moroccan sovereignty and ensuring U.S. economic dominance over Moroccan-descended populations.

COUNT II – SYSTEMIC MISCLASSIFICATION & THE FRAUDULENT OMB RACIAL CATEGORIZATION OF "BLACK"
The Office of Management and Budget's racial classification system is inherently depriving in nature because:

"Black" is not a national, sovereign, or indigenous classification, violating Plaintiff's inherent national status as a descendant of the Moroccan Empire.

The term "Black" is legally and politically void, conferring no recognized national protections, trade rights, or economic claims under international law.

This misclassification forces Plaintiff and others into a non-sovereign legal status, stripping them of treaty-based rights and reparations.

The classification was deliberately created to disenfranchise Plaintiff and Moorish Americans, ensuring:

The continued denial of legal recognition and protections under treaty law.

Exclusion from financial restitution programs, including Freedmen's Bureau Act benefits and economic resources.

Obstruction of lawful access to property rights, education, and economic mobility.

This racial fraud is equivalent to identity theft at the governmental level, violating federal and international human rights law.

COUNT III – MILITARY INVASION & ECONOMIC SABOTAGE (GENERAL ACT OF ALGECIRAS & OPERATION TORCH)
The General Act of Algeciras (1906) was an international conspiracy to dismantle Moroccan economic autonomy.

Operation Torch (1942) was a U.S. military occupation that ensured continued suppression of Moroccan sovereignty and Moorish American economic rights.

Plaintiff remains economically suppressed as a direct consequence of these unlawful interventions.

COUNT IV – EMOTIONAL, PSYCHOLOGICAL, AND SOCIAL DAMAGES
Plaintiff has suffered severe and irreparable emotional, psychological, and social harm, including:

Forced national alienation and identity erasure.

Psychological trauma resulting from systemic oppression.

Economic distress caused by blocked wealth restoration.

Legal Precedents Supporting These Claims:

Plessy v. Ferguson (1896, overturned 1954) – Racial misclassification ruled unconstitutional.

Cobell v. Salazar (2009) – $3.4 billion paid for Indigenous trust fund mismanagement.

Japanese Internment Reparations (1988) – Recognized emotional and economic suppression.

V. RELIEF REQUESTED
WHEREFORE, Plaintiff demands:

Immediate recognition of Moorish American nationality and enforcement of treaty-based protections.

Declaration that the General Act of Algeciras (1906), Operation Torch (1942), and failure to enforce the Freedmen's Bureau Act were unlawful.

Full disclosure of U.S. government records related to Moroccan Empire suppression, racial classification fraud, and Freedmen's Bureau Act non-enforcement.

Immediate invalidation of the OMB's racial classification of "Black" as legally void and non-binding.

Economic reparations for systemic disenfranchisement, including:

Restitution of funds unlawfully diverted from the Freedmen's Bureau Act.

Debt relief and financial empowerment initiatives.

Immediate cessation of all policies that misclassify Moorish Americans under fraudulent legal definitions.

Compensation for emotional and psychological damages.

VI. JURY DEMAND
Plaintiff demands a trial by jury on all triable issues.

Respectfully submitted,
JEFFERY JACKSONEL, In Propria Persona
Moorish American, Special Appearance
1238 Calvin Avenue Southeast
Grand Rapids, MI 49506
Tel: (616) 729-7016

Dated: [Insert Date]   02-20-2025