UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN

JEFFERY JACKSON,

      Plaintiff,

v.

U.S. GOVERNMENT, et al.,

      Defendants
                        /

Case No. 1:25-cv-00196

Hon.  Paul L. Maloney
U.S. District Judge

## REPORT AND RECOMMENDATION

### I.  Introduction

*Pro se* Plaintiff Jeffery Jackson filed this complaint against the United States Government, the U.S. Department of State, the U.S. Department of Defense, and the Office of Management and Budget.  (ECF No. 1.)  Jackson claims that he is a direct descendant of the Moroccan Empire and complains that Defendants violated his treaty protections and constitutional rights, and failed to fulfill federal obligations. (*Id.*, PageID.1.)  Further, Jackson says that the Office of Management and Budget uses the racial classification "Black" which he alleges "is inherently illogical and depriving nature." (*Id.*)

Jackson alleges that the United States Government violated treaty obligations and engaged in an unlawful military occupation, causing economic suppression.  (*Id.*, PageID.2.)  Jackson seeks emotional, psychological, and social compensatory damages, as well as injunctive and declaratory relief.  (*Id.*, PageID.4.)  Jackson was granted *in forma pauperis* status on February 21, 2025.  (ECF No. 4.)

1

## II. Standard of Law

Under 28 U.S.C. § 1915(e)(2)(B), the court must dismiss any action brought *in forma pauperis* if the action is (1) frivolous or malicious; (2) fails to state a claim on which relief may be granted; or (3) seeks monetary relief against a defendant who is immune from such relief.

A complaint may be dismissed for failure to state a claim if it fails "'to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). While a complaint need not contain detailed factual allegations, a plaintiff's allegations must include more than labels and conclusions. *Id.* The court must determine whether the complaint contains "enough facts to state a claim to relief that is plausible on its face." *Id.* at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). Although the plausibility standard is not equivalent to a "'probability requirement, . . . it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* at 678 (quoting *Twombly*, 550 U.S. at 556).

In addition, the Court must read Plaintiff's *pro se* complaint indulgently, see *Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept Plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992).

2

### III. Analysis

First, Jackson has failed to show that the United States waived sovereign immunity. The United States and its agencies are protected by the doctrine of sovereign immunity. *Fed. Deposit Ins. Corp. v. Meyer*, 510 U.S. 471, 475 (1994). "Absent a waiver, sovereign immunity shields the Federal Government and its agencies from suit." *Id.* Plaintiff's failure to allege or identify an express waiver of sovereign immunity requires dismissal of the claims asserted against the United States or its agencies. *Sanders v. Michigan Supreme Ct.*, No. 16-12959, 2018 WL 3301842, at *3 (E.D. Mich. Feb. 26, 2018), *report and recommendation adopted,* No. 16-12959, 2018 WL 1466084 (E.D. Mich. Mar. 26, 2018). Therefore, Jackson's claims against the United States Government, Department of State, Department of Defense, and the Office of Management and Budget should be dismissed.

Jackson has filed numerous frivolous lawsuits in this district. Some of those lawsuits raised similar issues to the issues he asserts in this lawsuit. Jackson has repeatedly filed lawsuits claiming that his rights have been violated simply because he says he is "a Moorish American." *Jackson v. Clinton*, No. 1:10-cv-1081 (W.D. Mich. Feb. 18, 2011) (dismissing Jackson's complaint that he was deprived of his "true legal status" as a Moorish American and that his race was incorrectly recorded as "black.") A similar claim was dismissed in *Jackson v. State and Federal Plaintiffs In General*, No. 1:11-cv-278 (W.D. Mich. April 26, 2011) (dismissing Jackson's claims that as a Moorish American citizen his rights are based upon a treaty between the U.S. and Morocco and he is not subject to the jurisdiction of this court or other federal or state

courts).

Recently, this Court dismissed a similar lawsuit brought by Jackson for lack of subject matter jurisdiction where Jackson requested injunctive relief and damages based on treaty rights due to his alleged Moorish American status. *Jackson v. United States of America*, No. 1-25-cv-116 (W.D. Mich. Feb. 28, 2025). Similarly, for the same reasons discussed in Case No. 1-25-cv-116, this case should be dismissed, and Plaintiff should be forever barred from asserting similar delusional claims that he is a party to a treaty with the United States of America or that he has rights flowing from an alleged breach of a treaty.

Moreover, Jackson has asserted other claims against the United States or its agencies that have been dismissed based upon sovereign immunity. *Jackson v. U.S. Marshals Service*, No. 1:10-cv-1202 (W.D. Mich. Dec. 20, 2010); *Jackson v. U.S. Marshals Service*, No. 1:10-cv-1256 (W.D. Mich. Mar. 14, 2011). Thus, Jackson should be aware that the United States and its agencies have sovereign immunity.

In addition to this lawsuit, Jackson filed nine other lawsuits in February 2025, seeking to proceed *in forma pauperis*. Those lawsuits include: *Jackson v. Trinity Health Grand Rapids*, 1:25-cv-156; *Jackson v. U.S. Department of Treasury*, 1:25-cv-186; *Jackson v. Michigan Department of Health and Human Services*, 1:25-cv-192; *Jackson v. Mel Trotter Ministries*, 1:25-cv-195; *Jackson v. U.S. Marshals Service*, 1:25-cv-197, *Jackson v. U.S.*, 1-25-cv-210; *Jackson v. U.S. Government*, 1:25-cv-215; *Jackson v. Green*, 1:25-cv-231; and *Jackson v. Maloney*, 1:25-cv-233.

In 2010, Judge Maloney warned Jackson that "further frivolous lawsuits may

4

result in the revocation of plaintiff's ability to proceed *in forma pauperis.*" *Jackson v. Bell*, No. 1:10-cv-1255 (W.D. Mich. Dec. 21, 2010).  Proceeding *in forma pauperis* is a privilege that the Court may grant to indigent litigants. *Wilson v. Yaklich*, 148 F.3d 596, 603 (6th Cir. 1998).  Unfortunately, sometimes a litigant abuses the privilege by repeatedly filing frivolous lawsuits. *Mathis v. U.S. Marshal Service*, No. 1:20-cv-711, 2020 WL 5943010, *1 (W.D. Mich. Oct. 7, 2020).  The Court explained:

> Having considered the submissions in these cases, the Court concludes that continuing to allow Plaintiff the privilege of proceeding *in forma pauperis* in future lawsuits does not promote the use of Court resources in the interest of justice. *See generally In re McDonald*, 489 U.S. 180 (1989); *Maxberry v. S.E.C.*, 879 F.2d 222, 224 (6th Cir. 1989). The Sixth Circuit has repeatedly recognized that a district court may properly deny a vexatious litigant permission to proceed *in forma pauperis* where a litigant has demonstrated a "history of unsubstantial and vexatious litigation [amounting to] an abuse of the permission granted to him to proceed as a pauper in good faith under 28 U.S.C. § 1915(d)." *Atchison v. Farrell*, 230 F.3d 1357, at *2 (6th Cir. Sept. 15, 2000) (quoting *Maxberry*, 879 F.2d at 224). *See, e.g., Boles v. Matthews*, 173 F.3d 854, at *3 (6th Cir. 1999); *Robinson v. Giavasis*, 110 F.3d 64 (6th Cir. 1997); *Reneer v. Sewell*, 975 F.2d 258, 260-61 (6th Cir. 1992). As set forth more fully in the Report and Recommendation, Plaintiff has a demonstrated history of filing unsubstantial and vexatious litigation, justifying this prospective restriction. Accordingly, in the future, Plaintiff will not be permitted to file another action without payment of the full filing fee.

*Id.*

In the opinion of the undersigned, Jackson has similarly abused the privilege of proceeding *in forma pauperis* by repeatedly filing frivolous lawsuits.

### IV. Recommendation

The undersigned respectfully recommends that the Court dismiss the complaint because it is frivolous.

It is further recommended that the Court prohibit Jackson from filing a lawsuit

5

in this Court without the prepayment of the filing fee, unless Jackson obtains a signature from a licensed attorney admitted to the Western District of Michigan certifying that Jackson's complaint is not frivolous, malicious, or brought for an improper purpose.

Dated:  March 17, 2025					/s/ *Maarten Vermaat*
							MAARTEN VERMAAT
							U. S. MAGISTRATE JUDGE

## NOTICE TO PARTIES

Any objections to this Report and Recommendation must be filed and served within fourteen days of service of this notice on you.  28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b).  All objections and responses to objections are governed by W.D. Mich. LCivR 72.3(b).  Failure to file timely objections may constitute a waiver of any further right of appeal.  *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981); *see Thomas v. Arn*, 474 U.S. 140 (1985).